IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELVIN LEON LANG, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>KENT TRAYLOR, ET AL., )<br>        Defendants. ) | No. 3:10-CV-1548-N-BF |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## I. Parties

Plaintiff filed this complaint arguing defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are court-appointed attorney Kent Traylor, Dallas Police Officer badge #9711, and Dallas Police Officer badge #7885.

## II. Background

Plaintiff was on parole when he was arrested and charged with burglary of habitation. After his arrest, Plaintiff's parole was revoked and he was sentenced to ten years in prison. After the revocation, the new burglary charge was dismissed.

Plaintiff claims he was falsely arrested by Defendant police officer badge #9711 and that Defendant police officer badge #7885 witnessed the false arrest and did nothing to stop the arrest.

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -1-

Plaintiff also claims Defendant Traylor did not properly represent him during the revocation hearing and allowed him to be indicted on the new burglary case.

Plaintiff seeks money damages and the revocation of Defendant Traylor's bar license.

### III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. Discussion

### A. Defendant Traylor

Plaintiff claims that Defendant Traylor, a court-appointed attorney, violated his civil rights. To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Plaintiff has failed to show that Traylor acted under color of state law. Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Plaintiff's civil rights claims against Defendant Traylor are frivolous and should be dismissed.

### B. Defendant Police Officers

Plaintiff claims he was unlawfully arrested by Defendant police officers in violation of his constitutional rights. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a §1983 action attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Fifth Circuit has extended *Heck* to proceedings that call into question the fact or duration of parole. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Under such circumstances, this § 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation proceeding has been invalidated by a state or

federal court. *Littles*, 68 F.3d at 123.

Plaintiff's claim for damages is clearly connected to the lawfulness of his arrest and subsequent revocation. However, Plaintiff's revocation has not been reversed on direct appealed, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. Hence, no § 1983 cause of action has yet accrued and this claim should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's § 1983 claims against Defendant police officers be dismissed with prejudice until the *Heck* conditions are met and (2) Plaintiff's claims against Defendant Traylor be dismissed with prejudice.

Signed this 3rd day of November, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**

## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).